UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN SAUNDERS,

              Plaintiff,

      -against-

ROBERT A. CARDALI; PARIS L. JASON;
DONTE MILLS; DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES,

              Defendants.

24-CV-1905 (LTS)

SECOND ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in South Carolina, appears *pro se*. He brings this action against

(1) his former lawyers, Robert A. Cardali, Paris L. Jason, and Donte Mills ("former lawyers"),

and (2) the New York City Department of Citywide Administrative Services ("Citywide")

regarding a closed state court matter. Plaintiff invokes the Court's federal question jurisdiction

and argues that his former lawyers acted "under color of state law." (ECF 1, at 2.) The Court

therefore construes the complaint as asserting claims under 42 U.S.C. § 1983.

By order dated July 17, 2024, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons stated in this order, the

Court (1) dismisses the claims against Citywide under the *Rooker-Feldman* doctrine, for lack of

subject matter jurisdiction; (2) dismisses the Section 1983 claims against his former lawyers, for

failure to state a claim; (3) dismisses the claims Plaintiff seeks to bring under 18 U.S.C. § 242, a

---

[1] By order dated June 11, 2024, the Court dismissed this action because Plaintiff did not
submit a signature page for his IFP application. On July 1, 2024, Plaintiff submitted the original
signature, but on July 12, 2024, he filed a notice of appeal. Because Plaintiff later submitted the
signature page, on July 17, 2024, the Court directed the Clerk of Court to vacate its order of
dismissal and to reopen the action. On September 16, 2024, the Court of Appeals issued its
mandate dismissing the appeal.

federal criminal statute, for failure to state a claim; and (4) grants Plaintiff 30 days' leave to assert state law claim against his former lawyers in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint and the complaint's attachments.[2] On

June 6, 2017, Defendant Citywide submitted a "false/mis-leading affidavit" in a state court

action initiated by Plaintiff. (ECF 1, at 5.) Plaintiff contends "that he had been denied a fair court

hearing on the grounds that the affidavit was clearly mis-leading and false . . . [and was]

presented to the court to other-wise deprive Plaintiff of a fair hearing." (*Id.*) The affidavit

concerned Plaintiff's employment status; Plaintiff contends he was "an employee of The Center

for Employment Opportunity and not a 'Special Employee.'" (*Id.*) He also contends that on June

6, 2017, a "sign-in work sheet" was "withheld" from the state court, depriving Plaintiff the

opportunity to argue that he "was not a Special Employee." (*Id.*)

The attachments to the complaint provide some context. Plaintiff, who was represented

by counsel, initiated a state court action against the City of New York, Citywide, and an elevator

company in New York Supreme Court, Bronx County, following an injury he sustained on

November 26, 2007, in an elevator that dropped several floors. Plaintiff contends that at the time

of his injury, he was employed by the Center for Employment Opportunities ("CEO"). (*See id.* at

10.) The City of New York and Citywide sought to amend their answer to argue to the contrary,

by adding a Workers' Compensation affirmative defense. (*Id.*) The affirmative defense

concerned Plaintiff's status as a Special Employee where the City and Citywide argued that

Plaintiff was not an employee of CEO.

In an undated decision and order, likely issued on or about June 6, 2017 – the date

Plaintiff states that his rights were violated[3] – the state court (1) concluded that Plaintiff was

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original

[3] The state court order is stamped "RECEIVED JUN 12 2017." (ECF 1, at 22.)

3

employed by Citywide, and was therefore a Special Employee, (2) granted the City and

Citywide's motion to amend its answer, and (3) granted the City and Citywide's motion for

summary judgment. (*Id.* at 22.)

Following this decision, Plaintiff settled his claims in 2020 for $2,000,000, presumably

with the elevator company, and received a settlement award that was subject to various liens. (*Id.*

at 36, 38.) In 2021, Plaintiff filed a grievance with the New York State Attorney Grievance

Committee against Defendant Paris, one of his lawyers, claiming that Paris and Mills, another

one of his lawyers, conspired in some fashion. (*Id.*) Plaintiff now seeks money damages.

## DISCUSSION

### A.      Claims Against Citywide are Dismissed Under the *Rooker-Feldman* Doctrine

The only federal court vested with "appellate jurisdiction to reverse or modify a state-

court judgment" is the United States Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Indus.*,

544 U.S. 280, 283 (2005). Therefore, "federal district courts lack jurisdiction over cases that

essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders,*

*Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). In keeping with this principle, the *Rooker-Feldman*

doctrine,[4] "bars federal district courts from hearing cases that in effect are appeals from state

court judgments." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021).

The *Rooker-Feldman* doctrine applies when four requirements are met: (1) the plaintiff

must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court

judgment; (3) the plaintiff must invite the federal district court to review and reject the state court

judgment; and (4) the state court judgment must have been rendered before the federal district

---

[4] Two Supreme Court cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)
and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) –
established this doctrine.

court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Under these requirements, "*Rooker-Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is inextricably intertwined with the state judgment." *Id.* at 86-87 (internal quotations omitted).

Here, Plaintiff's claims against Citywide are barred under the *Rooker-Feldman* doctrine. First, Plaintiff lost in state court when Citywide's motion for summary judgment was granted. Second, his claim here concerns the state court's reliance on Citywide's affidavit, presumably arguing that Plaintiff was a Special Employee, and its decision granting Citywide's motion for summary judgment. Third, Plaintiff essentially asks this Court to review the state court's finding that he was a Special Employee. Fourth, the state court rendered its judgment in 2017, well before Plaintiff filed his action here. Accordingly, under the *Rooker-Feldman* doctrine, the Court is barred from reviewing Plaintiff's claims against Citywide. The Court therefore dismisses these claims for lack of subject matter jurisdiction. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) ("A challenge under the *Rooker-Feldman* doctrine is for lack of subject matter jurisdiction.").

**B.     Federal Claims Against the Former Lawyers are Dismissed for Failure to State a Claim**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Plaintiff's former lawyers are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. Plaintiff's assertion that these defendants acted under color of law is not supported by any facts alleged in the complaint. The Court therefore dismisses Plaintiff's Section 1983 claims against Cardali, Jason, and Mills for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Federal Criminal Statute**

Plaintiff asserts a claim under 18 U.S.C. § 242, a federal criminal statute that concerns the deprivation of rights under color of law. As Congress did not create a private right of action under this criminal statute, Plaintiff cannot seek civil remedies regarding the alleged violation of Section 242. *See, e.g.*, *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("We have noted in the past that there is no private right of action under section 242[.]" (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994))). The Court therefore dismisses any claim Plaintiff may be attempting to assert under Section 242 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      State Law Claims Against Private Attorneys**

The Court construes the complaint as asserting state law claims against Plaintiff's former lawyers regarding their representation of him during his state court matter in Bronx County. The Court may exercise jurisdiction of such claims if Plaintiff can satisfy the requirements under the diversity statute, 28 U.S.C. § 1332.

To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

6

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted).

Here, Plaintiff suggests that he and his former lawyers are of diverse citizenship because

he resides in South Carolina, and they likely reside outside of South Carolina. Plaintiff does not,

however, state any facts suggesting that the amount in controversy exceeds $75,000.00. Thus, it

is unclear whether Plaintiff satisfies the requirements of the diversity statute.

Moreover, it is unclear from the complaint the nature of any state law claim Plaintiff may

be asserting, when the events giving rise to such claims occurred, and how Plaintiff's former

lawyers violated Plaintiff's rights under state law.

For these reasons, the Court grants Plaintiff leave to file an amended complaint.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid state law claim

against Defendants Cardali, Jason, and/or Mills, the Court grants Plaintiff 30 days' leave to

amend his complaint to detail his claims. Should Plaintiff file an amended complaint, the

complaint must include specific facts in support of his claims against each named defendant.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## REFERRAL TO THE CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment.

If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). A flyer from the City Bar Justice Center is attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against Citywide Administrative Services under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court dismisses Plaintiff's claims against Cardali, Jason, and Mills for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint to assert any state law claims against Cardali, Jason, and Mills.

A flyer from the City Bar Justice Center is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

 Dated:    November 15, 2024
              New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

9

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)